IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

JAMES GALLATIN, )
 )
      Plaintiff, )
 )
v. ) Case No. 05-4416-CV-C-NKL
 )
DELTA INTERNATIONAL MACHINERY )
CORP., et al., )
 )
      Defendants. )
 )

ORDER

James Gallatin ("Gallatin") injured his hip in 2001, while using a table saw manufactured by Defendant Delta International Machinery Corporation ("Delta"). On September 12, 2002, Gallatin fell and injured his head. He subsequently sued Delta, arguing that both injuries were caused by a defect in the table saw's design. Delta moves to strike the testimony of Gallatin's expert [Doc. # 25] and for summary judgment on all counts [Doc. # 27]. For the reasons set forth below, both motions are granted.

**I.    Motion to Strike**

The Court's January 26, 2005 Scheduling Order set August 30, 2006, as the deadline for Gallatin to designate expert witnesses. Delta served its initial Rule 26 disclosure on Gallatin in March. By May, Gallatin had not served his own Rule 26 disclosures on Delta so Delta served Gallatin with interrogatories and requests for

1

production.  Gallatin failed to respond or to serve his initial Rule 26 disclosure despite two follow-up letters from opposing counsel in June and July.  Accordingly, Delta requested a teleconference with the Court on August 11, which was scheduled for August 16.  On August 14, Gallatin served some unverified discovery responses on Delta, including a report from Phillip O'Keefe.  Gallatin indicated that O'Keefe was the only retained expert he intended to call at trial and that he did not intend to call any non-retained experts.   During the teleconference on August 16, the Court ordered Gallatin to serve the rest of his discovery responses on Delta by August 31 or the Court would entertain a motion to dismiss for failure to prosecute.  The Court further admonished Gallatin that he "will be limited at trial to the discovery produced to the defendant." (Minute Entry [Doc. # 12].)  Gallatin served formal discovery responses on August 30, after which Delta requested the depositions of Gallatin, his wife, two other named witnesses, and the expert O'Keefe.  Delta reiterated these requests on September 19, October 2, and October 26.  When Gallatin had still not produced O'Keefe for deposition by the October 31 deadline, he requested and received a 30 day extension from the Court to do so.  Despite this extension, O'Keefe was never produced.

O'Keefe's written report is also deficient.  Fed. R. Civ. P. 26(a)(2)(B) requires that the disclosure of retained experts

> be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten

2

> years; the compensation to be paid for the study and testimony; and a listing
> of any other cases in which the witness has testified as an expert at trial or
> by deposition within the preceding four years.

The report submitted by O'Keefe fails to indicate the source of the data or information considered, resources considered, or methodology of analysis; fails to provide a list of any other cases which he testified in at trial or deposition within the preceding four years; fails to list any publications authored by the O'Keefe; fails to indicate his compensation for expressing these opinions on behalf of the Plaintiff; and fails to identify any exhibit or standards or recognized design treatises for power equipment. Although O'Keefe's curriculum vita does include his qualifications, it does not indicate what other cases if any he has testified in or what publications, if any, he has had.

Gallatin's expert's report does not conform to the requirements of the Federal Rules of Civil Procedure, it was not timely disclosed, and the expert himself was never made available to Delta for deposition. Rules 16(f) and 37(b)(2)(B) "authorize district courts to prohibit the admission of evidence proffered by the disobedient party." *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 284 (8th Cir. 1995); *United States v. 68.94 Acres of Land*, 918 F.2d 389, 396 (3d Cir. 1990); *Smith v. Rowe*, 761 F.2d 360, 366 (7th Cir. 1985) (same). "The power of the trial court to exclude exhibits and witnesses not disclosed in compliance with its discovery and pretrial orders is essential to judicial management of the case." *Sylla-Sawdon*, 47 F.3d at 284.

The Court previously warned Gallatin that he would be limited at trial to evidence properly disclosed to the Defendant. His only explanation for the failure to produce

O'Keefe for deposition is his assertion that Delta was unwilling to forward O'Keefe's fees in advance of the deposition. He does not explain how this justified his refusal to either produce the expert or seek Court intervention. Although Delta offered several possible dates for the deposition, all of which Gallatin refused, the Plaintiff nevertheless contends that Delta should simply have set the date for his deposition unilaterally and he would have made O'Keefe available. This argument amounts to suggesting that Gallatin failed to produce his own expert for deposition because his adversary was too courteous in attempting to accommodate his schedule. Because Gallatin has offered no credible justification for his repeated failures to comply with the Federal Rules or this Court's Scheduling Order, the expert report of Philip O'Keefe is stricken from the record.

## II.     Factual Background

Gallatin fractured the left iliac wing of his pelvis while operating a Delta Model 36-600 ten inch table saw on May 20, 2001, and was treated at the Callaway Community Hospital emergency room. He was given medication for the pain and directed to follow up with Dr. Gregory Ivan, which he did on May 29, June 25, July 30, October 29. At his last visit, Dr. Ivan reported "James is now five months s/p left iliac wing fracture. Has fully recovered from the fracture and walks without a limp. He denies pain and has good ROM . . . no return necessary for fracture."

Sixteen months later, on September 12, 2002, Gallatin fell and suffered a head injury. A CT scan revealed a right hemispheric convexity, acute subdural hematoma. Gallatin underwent an emergency craniotomy and later suffered a stroke. Gallatin

4

Case 2:05-cv-04416-NKL   Document 37   Filed 01/23/07   Page 4 of 6

contends (without any evidence) that the fall resulting in the brain injury was caused by the injury to his hip.  Thus, he claims the defect in the table saw is the proximate cause of both injuries.  There is no expert testimony demonstrating either that the saw was defective or that the subsequent head injury was caused by the initial injury to Gallatin's hip.

## III.     Motion for Summary Judgment

Gallatin's Complaint raises five counts alleging (1) Strict Liability (2) Breach of Express Warranty (as to safety – saw unsafe due to location of power switch) (3) Breach of Implied Warranties (as to safety – saw unsafe due to location of power switch); (4) Negligence (failure to warn, defective design); (5) Negligently Supplying a Dangerous Instrumentality (location of the power switch).  However, Gallatin has failed to produce any evidence that would demonstrate either a defect in the saw, that a different warning would have prevented his injury, or that his injuries were proximately caused by any defect in or lack of warning on Delta's table saw as opposed to his own misuse of the equipment.

In his Suggestions in Opposition, Gallatin alludes generally to the stricken report of his expert, Philip O'Keefe, as containing "more than enough proof to defeat summary judgment." Sugg. in Opp. at 4.  Even if that report had not been stricken, Gallatin does not direct the Court to any particular opinions within O'Keefe's report which would raise a genuine issue of material fact.  *See Howard v. Columbia Pub. Sch. Dist.*, 363 F.3d 797, 800 (8th Cir. 2004) (noting that the Court " will not sort through a voluminous record in

5

an effort to find support for the plaintiff's allegations."). Indeed, in the two pages of argument offered by Gallatin in opposition to summary judgment, he fails to offer any evidence in favor of his claims beyond the conclusory allegations of his complaint. "[T]he non-moving party must go beyond the pleadings and by affidavits, depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue of material fact." *Rouse v. Benson*, 193 F.3d 936, 939 (8th Cir. 1999). Gallatin has failed to do so. Summary judgment is, therefore, warranted on all counts.

**IV.     Conclusion**

Accordingly it is hereby

ORDERED that Defendant's Motions to Strike [Doc. # 25] and for Summary Judgment [Doc. # 27] are GRANTED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: January 23, 2007
Jefferson City, Missouri